An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CRAIG W., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROBERT TEUTON, DISTRICT JUDGE, Respondents, and THE STATE OF NEVADA, Real Party in Interest. | No. 62616 **FILED** JUL 2 4 2013 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, PROHIBITION

This is an original petition for a writ of mandamus or, in the alternative, prohibition challenging a district court order that denied petitioner's motion to dismiss the abuse and neglect petition filed pursuant to NRS Chapter 432B. Petitioner contends that the State failed to file the petition within ten days after the protective custody hearing as required by NRS 432B.490(1)(b), or demonstrate sufficient good cause for the untimely filing.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Additionally, writ relief may be available when there is

no adequate legal remedy. *See In re A.B.*, 128 Nev. ___, ___, 291 P.3d 122, 126 (2012) (recognizing that an extraordinary writ petition was an appropriate vehicle to challenge an order that dismissed a petition alleging abuse and neglect). It is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

We have considered the petition and the answer thereto, and we conclude that our intervention by way of extraordinary relief is not warranted. Although the abuse and neglect petition was not filed within ten days after the protective custody hearing, the hearing master found good cause for the delay. *See* NRS 432B.490(1)(b).[1] The master's findings and recommendation were affirmed by the district court. Accordingly, we deny the petition. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that the issuance of an extraordinary writ is purely discretionary with this court).

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                        Cherry

---

[1]We take judicial notice that NRS 432B.490 was substantively amended on May 24, 2013. *See* A.B. 174, 77th Leg. (Nev. 2013).

[2]In light of this order, we deny as moot petitioner's request for a stay.

cc:	Hon. Robert Teuton, District Judge, Family Court Division
	Special Public Defender
	Clark County District Attorney/Juvenile Division
	Eighth District Court Clerk